# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO A. SOTELO,<br><br>    Plaintiff,<br><br>  v.<br><br>T. BIRRING, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:08-cv-01342-LJO-SMS PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION BE DENIED<br><br>(Docs. 30-32)<br><br>THIRTY-DAY OBJECTION DEADLINE |

**Findings and Recommendations on Motion for Preliminary Injunction**

**I. Summary of Proceedings**

  Plaintiff Roberto A. Sotelo, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 10, 2008. This action is proceeding on Plaintiff's amended complaint, filed February 24, 2009, against Defendants Birring, Das, Diep, and Coleman for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment. On July 15, 2010, Plaintiff filed a motion seeking a preliminary injunction requiring Defendants to place him back on his previous morphine dosage, and on July 16, 2010, Plaintiff filed a supplement to the motion. Defendants Birring and Das did not file a response.[1]

///
///

---

[1] Defendants Diep and Coleman have not yet appeared in the action.

1

## II. Factual Allegations

Plaintiff allegedly suffers from chronic, severe neck and back pain caused by bone spurs in his neck and a herniated disc in his lower back. Plaintiff's condition was confirmed by numerous tests and Plaintiff was placed on a pain management plan under which he began receiving thirty milligrams of morphine in the morning and fifteen milligrams of morphine in the afternoon. On this protocol, Plaintiff's pain was managed sufficiently to allow him to stand and walk, and to sleep at night.

In his motion, Plaintiff claims that his morphine dosage was cut in half on June 3, 2010, by Dr. Green, who told Plaintiff he was only given morphine by other doctors because they were weak and intimidated by the prisoners into prescribing such medication. Dr. Green told Plaintiff he was not weak and Plaintiff only needed aspirin. Plaintiff was informed that his morphine dosage was going to be cut in half and then eliminated entirely. Dr. Green then issued an order cutting Plaintiff's dosage in half.

Plaintiff contends that Dr. Green acted without reviewing his medical file, examining Plaintiff, or conducting any tests. Plaintiff states that he has been on pain management for two years, he had other tests including MRIs done, he was on many different medications, and he won his medical appeal, which led to his placement on a pain management plan. Plaintiff contends that he has tried to appeal the incident with Dr. Green, but his appeals are being screened out and he is being denied access to his medical file. Plaintiff alleges that he is in extreme pain and will end up in intolerable pain once his medication is discontinued entirely.

## III. Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

1    For each form of relief sought in federal court, Plaintiff must establish standing. <u>Mayfield</u>
2 <u>v. United States</u>, 599 F.3d 964, 969 (9th Cir. 2010), *petition for cert. filed*, 79 U.S.L.W. 3007 (U.S.
3 Jun. 22, 2010) (No. 09-1561). This requires Plaintiff to "show that he is under threat of suffering
4 an 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not
5 conjectural or hypothetical; it must be fairly traceable to challenged conduct of the defendant; and
6 it must be likely that a favorable judicial decision will prevent or redress the injury. <u>Summers v.</u>
7 <u>Earth Island Institute</u>, 129 S.Ct. 1142, 1149 (2009) (citation omitted); <u>Mayfield</u>, 599 F.3d at 969
8 (citation omitted).

9    In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,
10 which provides in relevant part, "Prospective relief in any civil action with respect to prison
11 conditions shall extend no further than necessary to correct the violation of the Federal right of a
12 particular plaintiff or plaintiffs. The court shall not grant or approve any prospective relief unless
13 the court finds that such relief is narrowly drawn, extends no further than necessary to correct the
14 violation of the Federal right, and is the least intrusive means necessary to correct the violation of
15 the Federal right." 18 U.S.C. § 3626(a)(1)(A).

16 **IV.   Discussion and Recommendation**

17    Plaintiff's Eighth Amendment claim against Defendants arises from their alleged failure to
18 provide him with medical treatment for chronic pain due to a herniated disc. The events at issue
19 allegedly occurred in 2007 and 2008 at Pleasant Valley State Prison. The pendency of this action
20 does not provide a jurisdictional basis for the Court to issue an order to Dr. Green, a non-party,
21 regarding Plaintiff's current medical treatment.

22    Given the seriousness of the allegations in Plaintiff's motion and their relatedness to the legal
23 issues in this case, however, the Court will, by separate order, notify the Receiver's Office of
24 Plaintiff's claim that his chronic pain medication has been reduced, leaving him in severe pain.
25 Further, the Court will, by separate order, refer this case to the Eastern District's Pro Bono Program
26 for appointment of counsel.

27    For the reasons set forth herein, the Court RECOMMENDS that Plaintiff's motion for a
28 preliminary injunction, filed July 15, 2010, be DENIED, without prejudice, for lack of jurisdiction.

3

This Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days** after being served with this Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   October 28, 2010**                    /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE