# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO A. SOTELO, | CASE NO. 1:08-cv-01342-LJO-SKO |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANTS' MOTION TO DISMISS ACTION AS TIME BARRED BE DENIED |
| v. | |
| T. BIRRING, et al., | (Doc. 89) |
| Defendants. | TEN-DAY OBJECTION DEADLINE |

**Findings and Recommendations Recommending Denial of Motion**

I.   **Procedural History**

Plaintiff Roberto A. Sotelo, a state prisoner proceeding in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 10, 2008.  This action is proceeding on Plaintiff's second amended complaint, filed on March 22, 2012, against Defendants Birring, Das, Diep, Coleman, and Green for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment of the United States Constitution.

On April 20, 2012, Defendants Birring, Das, Diep, and Coleman filed a motion to dismiss the action as barred by the statute of limitation.[1]   Fed. R. Civ. P. 12(b)(6).  Plaintiff filed an opposition on May 9, 2012, and Defendants filed a reply on May 14, 2012.

///

///

---

[1] Service of process has been initiated on Defendant Green, but he has not yet made an appearance in the action.  (Doc. 87.)

1

**II.     Legal Standard**

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Huynh v. Chase Manhattan Bank, 465 F.3d 992, 1003-04 (9th Cir. 2006); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the well-pleaded factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Huynh, 465 F.3d at 996-97; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

"A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the applicable statute of limitations only when 'the running of the statute is apparent on the face of the complaint.'" Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh, 465 F.3d at 997). "'A complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim.'" Id. (quoting Supermail Cargo, Inc. v. U.S., 68 F.3d 1204, 1206 (9th Cir. 1995)).

**III.    Discussion**

    **A.     Parties' Positions**

Defendants argue that this action should be dismissed because Plaintiff's claims became barred in 2004, and that although the events span from 2001 through at least June 3, 2010, Plaintiff knew of the injury which forms the basis for this action in 2001.

Plaintiff argues that he had an MRI in September 2007, which led to the diagnoses of additional medical problems, and his claims against Defendants arose after September 2007, when he sought additional treatment for his worsening condition. Plaintiff also requests that he be granted leave to amend, should the Court grant Defendants' motion.

In reply, Defendants contend that Plaintiff has inaccurately depicted his allegations and that Plaintiff's arguments are belied by his pleading.

### B.   Statute of Limitation and Tolling for Incarceration

Federal law determines when a claim accrues, and "[u]nder federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." Douglas v. Noelle, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted); Maldonado v. Harris, 370 F.3d 945, 955 (9th Cir. 2004); Fink v. Shedler, 192 F.3d 911, 914 (9th Cir. 1999). Because section 1983 contains no specific statute of limitation, federal courts should apply the forum state's statute of limitation for personal injury actions. Jones v. Blanas, 393 F.3d 918, 927 (2004); Maldonado, 370 F.3d at 954; Fink, 192 F.3d at 914. California's statute of limitation for personal injury actions was extended to two years effective January 1, 2003. Cal. Civ. Proc. Code § 335.1; Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55. For claims accruing prior to January 1, 2003, the statute of limitation is one year. Jones, 393 F.3d at 927; Maldonado, 370 F.3d at 954-55.

In actions where the federal court borrows the state statute of limitation, the court should also borrow all applicable provisions for tolling the limitations period found in state law. Jones, 393 F.3d at 927. Under California law, prisoners who at the time the cause of action accrued were either imprisoned on a criminal charge or serving a sentence of less than life for a criminal conviction enjoy a two-year tolling provision for damages actions, and the parties do not dispute the application of this tolling provision to Plaintiff's claims. Cal. Civ. Proc. Code § 352.1. Thus, Plaintiff appears to have had three years within which to file suit for any claims accruing before January 1, 2003, and four years within which to file suit for any claims accruing on or after January 1, 2003.[2]

///

---

[2] The parties did not address the application of equitable tolling for exhaustion, which may also apply. McDonald v. Antelope Valley Community College Dist., 45 Cal.4th 88, 101-03 (Cal. 2008).

### C. Plaintiff's Allegations

In his second amended complaint, Plaintiff alleges in relevant part that in 2001, he was diagnosed, apparently by MRI,

> with degenerative disc disease at L4-5 and L5-S1 and a right postero-lateral herniation of the vertebrae disc at L5. After increased pain, Plaintiff sought treatment from Defendants as the pain medications and pain control program [were] not working; and in September 2007, Plaintiff was diagnosed with additional back and neck related issues[,] including but not limited to degenerative disc disease at L4-S1, evidence of lumbar muscle spasm, mild bulging of the annuus at L4-L5, and right posterolateral extrusion of the disc at L5-S1 with pressure on the thecal sac and nerve root on the right side. Despite this diagnosis and the previous pain, Defendants discontinued pain medication and treatment[,] leaving Plaintiff in excruciating pain.
>
> In March 2008, Plaintiff was informed that it was medically necessary to perform lumbar surgery to alleviate the pain and address the medical conditions he was suffering. The risk associated with such a surgery were discussed with Plaintiff and he agreed to proceed with the surgery given the excruciating pain. Since that time, Defendants have failed to follow through with Plaintiff's requests and have refused to provide surgery as was medically necessary.

(Doc. 85, 2nd Amend. Comp., ¶¶17-19, 21, 22.)

### D. Findings

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights; there is no *respondeat superior* liability. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). For Eighth Amendment medical care claims, an actionable claim arises when a defendant is deliberately indifferent to a substantial risk of harm to the plaintiff's health, Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)), and Plaintiff's claims accrued at the time he knew, or had reason so know, of the injuries at issue, Douglas, 567 F.3d at 1109; Maldonado, 370 F.3d at 955 (citation omitted). To wit, Plaintiff's claims accrued when he knew or had reason to know that Defendants knowingly disregarded a substantial risk of harm to his health; the claims could not have accrued *before* Defendants acted with deliberate indifference to Plaintiff's medical needs. Douglas, 567 F.3d at 1109; Maldonado, 370 F.3d at 955.

///

1   Any legal claims against Defendants arising from their actions or omissions in 2001 would
2   be time barred, and paragraph 25 contains the allegation which comes the closest to supporting
3   Defendants' position: "Defendants have known since 2001 of the severe medical issues related to
4   Plaintiff['s] neck and back and have exhibited significant and deliberate indifference towards the
5   care and treatment of Plaintiff." (2nd Amend. Comp., ¶25.)  However, construed in the light most
6   favorable to Plaintiff and viewing that allegation in the context of the pleading as a whole, Plaintiff
7   appears to be alleging that his medical issues have been known (documented) *since* 2001 and that
8   Defendants were aware of his medical history – Plaintiff is not alleging that *in* 2001, Defendants
9   were aware of his issues and they acted with deliberate indifference at that time.  Daniels-Hall, 629
10  F.3d at 998; Von Saher, 592 F.3d at 969; Huynh, 465 F.3d at 996-97; Morales, 214 F.3d at 1153.

11  Defendants' citation to Wallace is inapposite. Wallace v. Kato, 549 U.S. 384, 391, 127 S.Ct.
12  1091, 1097 (2007).  The Wallace case involved a Fourth Amendment challenge arising from an
13  unlawful arrest in 1994.  Charges were ultimately dismissed in 2002 and the plaintiff filed suit in
14  2003, arguing that his release from custody was the relevant date because he was seeking damages
15  up to that point in time.  Id.  This case does not involve the situation where Plaintiff was injured by
16  Defendants' conduct in 2001, but waited years, until "he had been harmed enough," before filing
17  suit.  Id.  The conduct attributed to Defendants occurred on or after September 2007, when his
18  medical problems worsened and Defendants thereafter failed to provide adequate medical care and
19  failed to arrange for medically-necessary surgery.

20  Defendants are not precluded from raising the issue again should Plaintiff attempt to expand
21  his claims to an earlier time period, but at this juncture, the Court finds that Plaintiff's Eighth
22  Amendment claims against Defendants, as pled, are not based on actions or omissions which
23  occurred any earlier than September 2007.

24  **IV.   Conclusion and Recommendation**

25  The Court finds that Plaintiff's Eighth Amendment claims against arise from events which
26  occurred after his MRI in September 2007, and the action was timely filed in 2008.[3]  Accordingly,

27  ―――――――――――――
28  [3] Defendants did not argue that the second amended complaint does not relate back.  Fed. R. Civ. P. 15(c)(1); Branick v. Downey Sav. And Loan Ass'n, 39 Cal.4th 235, 244 (Cal. 2006).

5

1  the Court HEREBY RECOMMENDS that Defendants' motion to dismiss, filed on April 20, 2012,
2  be DENIED.
3      These Findings and Recommendations will be submitted to the United States District Judge
4  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **ten (10) days**
5  after being served with these Findings and Recommendations, the parties may file written objections
6  with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and
7  Recommendations."  The parties are advised that failure to file objections within the specified time
8  may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
9  1991).

13  IT IS SO ORDERED.
14  **Dated:    June 5, 2012**                               /s/ Sheila K. Oberto
                                                  UNITED STATES MAGISTRATE JUDGE