# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTO A. SOTELO, | CASE NO. 1:08-cv-01342-LJO-SKO |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING MOTION TO SET ASIDE ENTRY OF DEFAULT BE GRANTED |
| v. | |
| T. BIRRING, et al., | (Doc. 122) |
| Defendants. | TEN-DAY OBJECTION DEADLINE |

**Findings and Recommendations Recommending
Motion to Set Aside Entry of Default be Granted**

**I.  Procedural History**

Plaintiff Roberto A. Sotelo, a state prisoner proceeding in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 10, 2008.  This action is proceeding on Plaintiff's second amended complaint, filed March 22, 2012, against Defendant Barry J. Green for acting with deliberate indifference to Plaintiff's medical needs, in violation of the Eighth Amendment of the United States Constitution.

On January 3, 2013, following the execution of personal service and Defendant's failure to file a timely response to the complaint, the Clerk of the Court entered default against Defendant. Fed. R. Civ. P. 55(b)(1).  Pending before the Court is Defendant's motion to set aside entry of default, filed on April 4, 2013.  Plaintiff did not file an opposition.

///

II. <u>**Discussion**</u>

    A. <u>**Legal Standard**</u>

As a general rule, default is disfavored and cases should be decided on their merits whenever reasonably possible. *Westchester Fire Ins. Co. v. Mendez*, 585 F.3d 1183, 1189 (9th Cir. 2009) (quotation marks omitted); *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 693 (9th Cir. 2001); *Eitel v. McCool*, 782 F.3d 1470, 1472 (9th Cir. 1986). The Court may set aside entry of default for good cause, Fed. R. Civ. P. 55(c) (quotation marks omitted), which requires consideration of three factors: (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default, *Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011) (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)) (quotation marks omitted).

    B. <u>**Prejudice to Plaintiff**</u>

In this case, no prejudice to Plaintiff has been shown. The standard is whether Plaintiff's ability to pursue his claim will be hindered, *Falk*, 739 F.2d at 463 (quotation marks omitted), and neither mere delay nor merely having to litigate on the merits constitutes prejudice, *TCI Group Life Ins. Plan*, 244 F.3d at 701 (quotation marks omitted). Plaintiff did not oppose the motion to set aside entry of default, Plaintiff previously signed a stipulation to set aside default, and there is simply no other support in the record for a finding of prejudice.[1] Thus, the first factor weighs in favor of setting aside the entry of default.

    C. <u>**Meritorious Defense**</u>

With respect to the existence of a meritorious defense, the burden "is not extraordinarily heavy," *TCI Group Life Ins. Plan*, 244 F.3d at 700, and Defendant has submitted a declaration that his treatment of Plaintiff was reasonable and consistent with the accepted standard of care, Doc. 122-2, Green Dec., ¶8.

For an Eighth Amendment claim arising out of medical care in prison, Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further

---

[1] On January 23, 2013, the Court issued an order informing the parties that they may not stipulate to setting aside the entry of default and requiring Defendant to file a motion demonstrating good cause. (Doc. 121.)

2

significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citing *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006)). "A difference of opinion between a physician and the prisoner - or between medical professionals - concerning what medical care is appropriate does not amount to deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 987 (9th Cir. 2012) (citing *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989)); *Wilhelm*, 680 F.3d at 1122-23 (citing *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." *Snow*, 681 F.3d at 988 (citing *Jackson*, 90 F.3d at 332) (internal quotation marks omitted).

Therefore, a showing that the medical care delivered by Defendant fell within the accepted standard of care is sufficient to demonstrate the existence of a potentially meritorious defense and this factor also weighs in favor of setting aside entry of default.

### D.  **Culpable Conduct by Defendant**

Finally, Defendant has provided a detailed explanation regarding the steps he took once his wife was served with the summons and complaint at their residence. Those steps included notifying Doctor Boparai, the Chief Physician and Surgeon who had been Defendant's boss when he worked at the prison, and contacting the Registry of Physician Services, which was Defendant's employer when he worked at the prison. Defendant believed nothing further was required of him at the time, and when he was subsequently notified that he needed to complete a request for representation, he did so.

Conduct is considered culpable where no explanation inconsistent with a devious, deliberate, willful, or bad faith failure to respond is provided. *TCI Group Life Ins. Plan*, 244 F.3d at 698 (quotation marks omitted). Here, the events leading to the entry of default support a finding of excusable neglect rather than any sort of willful misconduct. *Id.* at 697-99. As there is no evidence in the record that Defendant acted in bad faith or in an otherwise culpable manner, the third and final factor also supports setting aside entry of default.

**III.     Recommendation**

Accordingly, with all three factors weighing in favor of setting aside the entry of default, the Court HEREBY RECOMMENDS that Defendant's motion be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **ten (10) days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     June 13, 2013**                                    /s/ Sheila K. Oberto
                                                                                UNITED STATES MAGISTRATE JUDGE

4